NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-3093

_____

GAYATRIBEN T. PATEL, a/k/a Gayatriben Shaileshkumar Patel,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No.  A205-409-641)
Immigration Judge:  John B. Carle

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 25, 2018

Before: McKEE, SHWARTZ, and NYGAARD, Circuit Judges

(Opinion filed:  August 2, 2018)

_____

OPINION*

_____

NYGAARD, *Circuit Judge.*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Gayatriben Patel petitions us to review the Board of Immigration Appeals' decision to deny her motion to reopen.[1] The Immigration Judge entered a removal order *in abstentia*, but Patel claims she did not receive notice of the hearing at which this occurred. On this basis, she argues the denial of her motion to reopen was improper. We will deny the petition.

The Immigration Judge ordered Patel's removal *in abstentia* on April 15, 2013. Patel filed a Motion To Reopen on February 24, 2017, arguing that failing to receive notice of the hearing is an exceptional circumstance justifying rescission of the Removal Order. 8 U.S.C. § 1229a(b)(5)(C)((i). But the four-year gap between the date of the removal order and Patel's motion—far in excess of the maximum of 180 days allowed in the statute—precludes reopening proceedings under that provision. Her petition also can be read as relying on section (ii) of the same statute, which applies "if the alien did not receive notice in accordance with paragraph (1) or (2) of section 1229(a) of this title . . . and the failure to appear was through no fault of the alien." § 1229a(b)(5)(C)(ii). However, even under section (ii), she fails to provide enough evidence to grant her motion.

The record shows that Patel appeared at the Nogales, Arizona port of entry on November 12, 2012. She did not have valid entry documents and the Department of Homeland Security took her into custody, detaining her at Eloy, Arizona. She requested

---

[1] The Board issued a decision without an opinion. Therefore, our review encompasses the Immigration Judge's opinion supporting the removal order. *Dia v. Ashcroft*, 353 F.3d 228, 245 (3d Cir. 2003) (en banc).

asylum at the time and, on February 11, 2013, the Department determined that she had a credible fear of torture. On February 12, 2013, she was served with a Notice to Appear (NTA). The NTA did not specify a date or time for the hearing. But it did state the consequences of failing to be at the hearing, and it informed her of her duty to notify the Government of any change of address. The Certificate of Service on the NTA indicates that this information was provided to her in person and was also delivered orally in her native language of Gujarati. She later received a Notice of Hearing, dated February 15, 2013, that informed her of a Master Calendar hearing scheduled on March 19, 2013, at Eloy, Arizona.[2]

When Patel was paroled on February 22, 2013, she filed a motion for change of venue, providing the address "2607 Ebright Road, Wilmington, DE 19810" for future communications. The Immigration Judge granted the unopposed motion on February 27, 2013, changing venue to Philadelphia, Pa. A Notice of Hearing was sent to Patel by regular mail to the Wilmington address on March 7, 2013, informing her of a Master Calendar hearing on April 15, 2013, in Philadelphia, Pa. The Notice was returned unopened. A label on the envelope stated "return to sender," "not deliverable as addressed," "unable to forward." The notation "moved out wrong address" was also

---

[2] The Notice established that the legal basis for her removal was that she entered without valid entry documents. 8 U.S.C.§ 1182(a)(7)(i)(I). There is a signature at the bottom of the notice, but details of how the document was served are not filled in. We note, however, that Patel was still detained at the Eloy, AZ facility at that time.

3

handwritten on it.[3]  Patel did not appear at the April 15 hearing and so the Immigration Judge issued a removal order *in abstentia* .

Patel does not dispute she knew she had a duty to give an accurate address to the Government and to keep it updated.  Rather, she says that the envelope with the label and notations on it is not "clear, unequivocal and convincing evidence" (§ 1229a(C)(ii)) showing that the Government attempted proper notice at the Wilmington address because it was posted as regular mail, not certified mail.  But the Immigration and Nationality Act only specifies "service of mail" (§ 1229(a)), it no longer requires certified mail delivery.  *Compare* 8 U.S.C. § 1252b(a)(2)(B) (repealed 1996) ("[I]f personal service is not practicable, written notice shall be given by certified mail. . . .").  Accordingly, we conclude that the returned envelope is sufficient to show the Government fulfilled its obligation to give notice.  And upon receiving the returned envelope, the Government was under no further duty to attempt to provide notice.  § 1229a(b)(5)(B).

Patel never explains her absence from the April 15, 2013 hearing, except to say she did not get notice of it.  Therefore, Patel falls far short of meeting her burden to show that her failure to attend the hearing was through no fault of her own.  This leads us to conclude that the BIA did not err by affirming the Immigration Judge's order that denied the motion to reopen.

For these reasons, we will deny the Petition for Review.

---

[3] In addition, the envelope had the notation "return to sender" written on it, but one word is mostly covered by a label.  We merely presume the word is "return" by the context of the message.